UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAFIAH AVERY,<br><br>  Plaintiff,<br><br>  v.<br><br>RECORDS SUPERVISOR, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-02061-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Nafiah Avery is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on December 24, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff is in custody at the California Women's Facility in Chowchilla.  Plaintiff was arrested on February 11, 2014, and she has a release date of February 25, 2015.  Plaintiff was to receive 262 days of credit.  Plaintiff contends he has not received the proper amount of custody credits which impacts his release date.  Plaintiff also contends that Sergeant Crabtree labeled Plaintiff for things she did not do and placed such documentation in her central file.

## III.
## DISCUSSION

### A.   Challenge to Custody Credit Earning

Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.  Hill v. McDonough, 547 U.S. 573, 579 (2006).  Where the prisoner's claim would spell "'immediate or speedier release'" from confinement, habeas is the proper avenue to relief.  Skinner v. Switzer, 562 U.S. 521, 131 S.Ct. 1289, 1300 (2011) (quoting Wilkinson v. Dotson,

544 U.S. 74, 82 (2005)). "Habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Because Plaintiff is challenging the deprivation of custody time credits, he must seek relief by way of habeas corpus. Resolution of the dispute about the credits would directly affect the duration of custody. Accordingly, Plaintiff cannot proceed by way of section 1983 for his claim challenging the calculation of his custody credits.

### B.   False Information in Central File

Plaintiff contends that Sergeant labeled Plaintiff for something he did not do and placed such documents in his central file.

The procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). A prisoner possesses a liberty interest under the federal constitution or state law when a change occurs in confinement that imposes an "atypical and significant hardship … in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The United States Constitution does not grant a liberty interest with regards to a particular classification status. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Plaintiff fails to allege a liberty interest regarding the accuracy of his central file. Plaintiff alleges no facts which indicate that he has suffered an atypical and significant hardship in relation to ordinary prison life regarding the placement of documents in his central file.

## IV.
## CONCLUSION AND RECOMMENDATION

Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court does not find that Plaintiff can amend the complaint to state a claim, and leave to amend would be futile. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Based on the foregoing, IT IS HEREBY RECOMMENDED that the instant complaint be dismissed without leave to amend for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 9, 2015**

UNITED STATES MAGISTRATE JUDGE